NicholsoN, C. J.,
delivered the opinion of the Court.
In 1845, Samuel Winstead made his will, by the fourth item of which he gave to his wife, Susannah, his tract of land on which he then lived. In 1848, he bought eight acres of land lying parallel with and adjoining to his home tract. It was situated at a short ■distance from his residence, and separated from it by the Columbia turnpike. On this eight acres he erect•ed a mill. His family grave-yard was on the same side of the turnpike with the eight acres, and very ■close to it. In 1851, he executed a codicil to his will, and soon afterwards died.
*707 M. C. Puryear, as executor of Samuel Winstead’s will, in pursuance of its directions, sold the real estate of bis testator, and witb it tbe eight acres, not regarding it as belonging to tbe borne tract. W. P. Smith, as administrator witb tbe will annexed, of the widow of Samuel Winstead, claims that the eight acres belonged to, and was a part of the home tract, and therefore that it was the property of his testator, under the will of her husband, Samuel Winstead. -The bill is filed for the proceeds of the sale of the land.
There is no proof except as to the relative location of the eight acres to the lands and house of Samuel Winstead. His lands are on both sides of the Columbia turnpike. The eight acres lie on the northern side of' the Winstead home' place, and within sixty or eighty yards of the house. Winstead put upon the eight acres a horse grist mill. When the original will was made, in 1845, Winstead was not the owner of the eight acres; hence, when he used the language in his will, “my tract of land on which I now live,” he could not intend to include this eight acres. When he made his codicil, in 1857, he had bought and was the owner of the eight acres; but he makes no allusion to it in the codicil, and leaves his original will unchanged as to the devise of the home place to his wife.
The making of the codicil was a republication of the will made in 1845: Gass v. Gass, 3 Hum., 286; Stover v. Kendall, 1 Cold., 560. We are to presume that when testator executed the codicil he was satisfied to re-adopt the original will in all its provisions, ex *708 cept as changed by the codicil. It follows that, in 1851, he intended to give to his wife the tract of land on which he then lived. The eight acres were at that time, a part of the tract on which he lived. We are to presume that he so regarded it, as he made no provision in the codicil in respect to this eight acres; and unless he intended it to pass to his wife, as part of the home tract, he died intestate as to that.
"The law presumes that a testator intends to dispose of all his estate, and to die intestate as to none: Code, 2195.
We are, therefore, of opinion that complainant is entitled to the proceeds of the sale of the eight acres of land, as the property of his testatrix.
The decree below is reversed, and the defendant will pay the costs of this court, and of the Chancery Court.